IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ARTHUR DICKERSON                                                                     PETITIONER
ADC #131508

V.                               NO. 5:11-cv-00273 KGB-JTR

RAY HOBBS, Director,                                                                 RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

**I. Background**

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Arthur Dickerson, an Arkansas Department of Correction inmate. (Docket entry #2.) Respondent has filed a Response, to which Petitioner has filed a

Reply. (Docket entries #12, #19.) Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's federal habeas claims, the Court will review the relevant procedural history associated with his prior challenges to his conviction in Sebastian County Circuit Court and his subsequent appeals to the Arkansas Supreme Court.

In 2004, Petitioner was convicted of first degree murder in Sebastian County. The jury sentenced him to life imprisonment.

On direct appeal to the Arkansas Supreme Court, he argued that the trial court erred: (1) in refusing to declare a mistrial due to improper prosecutorial comments during closing argument; (2) in striking testimony about the victim's use of marijuana; (3) in denying his motion to suppress his statement; and (4) in denying his challenge to the state's use of peremptory strikes against African-American jurors, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). On October 6, 2005, the Court affirmed his conviction. *Dickerson v. State*, 363 Ark. 437, 214 S.W.3d 811 (Ark. 2005) (Resp't Ex. A [docket entry #12-2]).

On January 3, 2006, Petitioner filed a Rule 37 petition for post-conviction relief in Sebastian County Circuit Court. He argued that: (1) he received ineffective assistance of trial and appellate counsel; (2) the prosecution was allowed to use a

coerced confession and evidence that was seized pursuant to an unlawful arrest; and (3) he was denied his right to a mental competency examination. (Resp't Ex. B [docket entry #12-3].) On January 4, 2006, the trial court denied his Rule 37 petition. *State v. Dickerson*, No. CR 2003-276 (Sebastian Co. Cir. Ct. Jan. 4, 2006) (Resp't Ex. C [docket entry #12-4]).

Petitioner filed a timely notice of appeal to the Arkansas Supreme Court. (Resp't Ex. D [docket entry #12-5].) However, he subsequently failed to lodge the record within ninety days, thereby missing the May 1, 2006 filing deadline. *See* Ark. R. App. P.-Civ. 5(a); Ark. R. App. P.-Crim. 4(a).

Petitioner then waited *three years*, until March 19, 2009, to tender a partial record to the Arkansas Supreme Court, along with a motion to lodge the record "belatedly" so that he could proceed with his appeal of the trial court's denial of his Rule 37 petition. On May 14, 2009, the Arkansas Supreme Court denied the motion. *Dickerson v. State*, 2009 Ark. 288 (unpublished *per curiam*) (Resp't Ex. E [docket entry #12-6]).

On October 19, 2011, Petitioner initiated this action. In his Petition, he argues that the trial court erred: (1) in overruling his objections to the state's use of peremptory challenges to exclude African-Americans from serving on the jury; (2) in striking testimony about the victim's marijuana use; (3) in refusing to suppress

Petitioner's statement to police; and (4) in denying his motion for mistrial made during the state's closing argument. (Docket entry #2.)

Respondent argues that: (1) all of Petitioner's claims are barred by the one-year statute of limitations applicable to federal habeas claims; (2) Petitioner's first, third and fourth claims were "reasonably adjudicated" by the Arkansas Supreme Court; and (3) his second claim is procedurally defaulted because he failed to properly present it to the state courts. (Docket entry #12.)

For the reasons explained below, the Court concludes that all of Petitioner's habeas claims are time-barred. Accordingly, the Court need not address Respondent's second and third arguments for dismissal.

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for federal habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). If he pursues certiorari review in the United States Supreme Court, the judgment becomes "final" when the Supreme Court "affirms [the] conviction on the merits or denies a petition for certiorari," or, if certiorari is not sought, when the time for filing such a petition expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

On October 6, 2005, the Arkansas Supreme Court affirmed Petitioner's conviction. After that date, Petitioner had ninety days, or until January 4, 2006, to file a petition for writ of certiorari with the United States Supreme Court. *See* U.S. Sup. Ct. R. 13.1. Petitioner elected not to file such a petition.

Instead, on January 3, 2006, he filed a Rule 37 petition which the trial court denied. On January 31, 2006, he filed a timely notice of appeal with the Arkansas Supreme Court.[1] However, as previously explained, he failed to lodge the record by the May 1, 2006 filing deadline. Thus, Petitioner had one year from May 2, 2006, to initiate this federal habeas action.

Although the Clerk of Court received and file-stamped Petitioner's habeas Petition on "October 19, 2011," it was "deemed filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. The Court will assume that Petitioner delivered his habeas Petition to prison authorities for mailing on September 14, 2011, the day he signed it. (Docket entry #2, at 8.) Thus, even giving Petitioner the earliest possible filing date,

---

[1] The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). An application is pending "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). In Arkansas, that includes the ninety-day period during which an appellant has to timely perfect his appeal by filing the record with the Arkansas Supreme Court. *Mills v. Norris*, 187 F.3d 881, 883-84 (8th Cir. 1999).

he still initiated this action over four years *after* the expiration of the statute of limitations.[2]

Because the United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar, it may be subject to equitable tolling if a petitioner can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010). In this case, Petitioner has made no attempt to show that he "acted with diligence" in asserting his federal habeas claims or that some "extraordinary circumstances" prevented him from filing a timely habeas petition.

Petitioner obviously was aware of the factual basis for his federal habeas claims during the running of the one-year limitations period, since he previously had raised all of those claims in various state court proceedings. He has failed to articulate any *Holland* factors that might justify equitable tolling, and the arguments he has raised have all been rejected by the Eighth Circuit, which has repeatedly held that a

---

[2]As previously explained, on March 19, 2009, Petitioner unsuccessfully filed a motion requesting permission to file a "belated" record and proceed with his 2006 appeal of the trial court's denial of his Rule 37 petition. This motion, which was filed almost two years *after* the expiration of the one-year statute governing the initiating of this habeas action, had no tolling effect. *See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006) (the statute of limitations for a federal habeas action cannot be tolled after it has expired).

petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004). In other words, where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008).

Finally, Petitioner makes the conclusory assertion that he is "factual[ly] innocen[t]." (Docket entry #2, at 2.) In *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002), the Eighth Circuit rejected "as a broad concept" the contention that actual innocence could be used as "gateway" to excuse an untimely federal habeas petition. It went on to note that, for such a claim to be viable, a habeas petitioner "would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Id.* at 978.

Here, Petitioner has failed to make the detailed evidentiary showing necessary

to invoke the narrow "actual innocence" exception.[3] Thus, equitable tolling does not apply.

Accordingly, this Petition should be denied in its entirety as untimely.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (docket entry #2) be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to satisfy § 2253(c) when habeas petition is denied on procedural grounds, petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

---

[3] *See House v. Bell*, 547 U.S. 518, 536-37 (2006) ("gateway" actual-innocence exception requires habeas petitioner to "establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt'"). The only apparent basis for Petitioner's actual innocence claim is his conclusory assertion that "the State of Arkansas threw the standard of proving every element of the crime out the window and elected to accept and present" Petitioner's confession, which was a "blatant travesty of justice." (Docket entry #2, at 2-3.) This falls far short of the high evidentiary standard required by the United States Supreme Court to adequately support a viable actual innocence claim.

DATED this 2nd day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE